JULIA D. BISHOP, a Minor, by her Father and Next Friend, Mark Bishop, Plaintiff-Appellant, v. ELIZABETH MORICH, a Minor, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—1453

Opinion filed July 8, 1993.—Rehearing denied August 6, 1993.

Kevin W. Horan, of Rock, Fusco, Reynolds & Garvey, of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Barry L. Kroll, Thomas J. Pontikis, and Lloyd E. Williams, Jr., of counsel), for appellees.

JUSTICE CAHILL delivered the opinion of the court:

While driving her parents' car without express permission or a driver's license, Elizabeth Morich struck and injured plaintiff Julia Bishop in the Moriches' driveway. The plaintiff sued Elizabeth Morich on a theory of negligence and Donald and Margaret Morich on a theory of negligent entrustment and supervision. The trial court granted summary judgment for the defendants on the negligent entrustment and supervision count. The trial court later denied the plaintiff's motion for a rehearing and reconsideration based on newly discovered evidence. We affirm.

On appeal, the plaintiff makes two arguments: (1) the trial court erred in its grant of summary judgment because alternative inferences can be drawn from the facts; and (2) the trial court abused its discretion when it denied the motion for rehearing and reconsidera-

tion because the plaintiff was denied an opportunity to present newly discovered evidence.

On July 2, 1988, Donald and Margaret Morich left their home to attend a wedding. Their 15-year-old daughter, Elizabeth, and their 22-year-old son, Peter, stayed at home. Elizabeth did not have a driver's license at the time, nor had she begun driving instruction. By 9 p.m., at least seven of Elizabeth's friends were visiting the Morich home. Elizabeth took her mother's keys to the family Chevy Blazer from a shelf behind the stove in the kitchen, started the vehicle, and drove forward and backward in the driveway. She then drove onto the city streets, first around the block and then to a friend's house to get a jacket. Next, she drove to the drugstore to buy a soft drink. The store was roughly 1½ miles from the Morich home.

She returned from the store and pulled into the driveway. While doing so, she noticed her friend Julia Bishop sitting next to the driveway with her back to the family storage shed. Elizabeth's foot slipped off the brake and onto the accelerator. The vehicle struck Julia Bishop, pushing her through the wall of the storage shed. She was severely injured in the accident.

The following undisputed facts are of record: (1) Elizabeth, Donald, and Margaret Morich testified that Elizabeth was not given permission to drive any of the Moriches' cars on the day of the accident; (2) they each testified that Elizabeth had never before that day been given permission to drive the Moriches' cars on the city streets; (3) Donald Morich testified that Elizabeth had not been told that she could not drive the car on the night of the accident; (4) Elizabeth and Margaret Morich testified that Elizabeth previously may have started and moved the car in the driveway in order to wash it; (5) Margaret Morich testified that on occasion Elizabeth would start the car on cold mornings to warm it up; and (6) keys to the car were regularly left on an open shelf behind the stove in the Moriches' kitchen.

Summary judgment is justified when there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Ralls v. Village of Glendale Heights* (1992), 233 Ill. App. 3d 147, 598 N.E.2d 337; Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c) (now codified as 735 ILCS 5/2—1005(c) (West 1992)).) Appellate review of an order granting summary judgment is *de novo*. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 607 N.E.2d 1204.) Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Outboard Marine Corp.*, 154 Ill. 2d at 102.

■ "A person may be liable for negligent entrustment of an automobile where that person entrusts an automobile to one whose incompetency, inexperience or recklessness is known or should have been known by the owner or entrustor of the automobile." (*Kosrow v. Acker* (1989), 188 Ill. App. 3d 778, 783, 544 N.E.2d 804, 807.) Like the court in *Kosrow*, we believe the negligent entrustment alleged in this case can be equated with permission. *Kosrow*, 188 Ill. App. 3d at 784; see Restatement (Second) of Torts §308 (1965); *Bensman v. Reed* (1939), 299 Ill. App. 531, 533, 20 N.E.2d 910 ("The permission of the owner sets in motion one of the agencies which makes possible the commission of the negligent act").

■ Permission may be either express or implied. (See, *e.g., Lumbermen's Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 243 N.E.2d 40.) Because the parties agree the Moriches did not give Elizabeth Morich express permission to drive their car on the day of the accident, the plaintiff's case rests on the allegation of implied permission. A definition of implied permission is difficult to fashion. (See *Standard Mutual Insurance Co. v. Sentry Insurance of Illinois, Inc.* (1986), 146 Ill. App. 3d 905, 909, 497 N.E.2d 476, 479 ("Implied permission exists where there is an inference or circumstances arising out of a course of conduct or a relationship between the parties whereby there is mutual acquiescence or lack of objection under circumstances that generally would indicate permission").) Generally, implied permission can be inferred from a course of conduct of the parties, their relationship, or from the behavior of the parties in specific circumstances. Examples of where courts have found implied permission help to flesh out the concept: *Great Central Insurance Co. v. Harris* (1977), 46 Ill. App. 3d 542, 360 N.E.2d 1151 (inference of implied permission for mechanic to drive gas station customer's car because of the mechanic/customer relationship); *Country Mutual Insurance Co. v. Bowe* (1973), 13 Ill. App. 3d 386, 300 N.E.2d 274 (implied permission for college roommate to use car where it was previously used without permission); and *Casey v. Fortune* (1947), 78 Cal. App. 2d 922, 179 P.2d 99 (implied permission for son to drive mother's car where evidence showed it was driven before and where keys were left easily obtainable).

■ We believe no reasonable person could infer from the undisputed facts here that Elizabeth Morich had implied permission to drive her parents' car on the day of the accident. This is not a case where Elizabeth had previously been given express permission to drive the car on the streets, or where the Moriches knew she would drive and failed to object. As for Elizabeth's other uses of the car, we

cannot conclude that to allow an underage daughter to start the car on cold mornings or move the car in the driveway in order to wash it implies permission to drive on the streets on some later date when her parents are not home. Similarly, under the circumstances of this case, leaving car keys where a teenager can get them does not imply permission to use them.

■ The general rule in Illinois is that parents are not liable for the torts of their minor children merely because of the parent-child relationship. (*Allstate Insurance Co. v. Pruitt* (1988), 177 Ill. App. 3d 407, 532 N.E.2d 401.) Parents may be found liable, however, if they fail to adequately control or supervise their children. (See Restatement (Second) of Torts §316 (1965).) To establish negligent parental supervision, the plaintiff must show: (1) the parents were aware of specific instances of prior conduct sufficient to put them on notice that the act complained of was likely to occur, and (2) the parents had the opportunity to control the child. *Barth v. Massa* (1990), 201 Ill. App. 3d 19, 558 N.E.2d 528.

The record reveals no specific instances of prior conduct on the part of Elizabeth Morich sufficient to put her parents on notice that Elizabeth was likely to drive their car on the night of the accident. She had limited access to the car on previous occasions, had never driven on the street before, and had never indicated that she had an interest in driving on the street.

We turn to the second issue: whether the trial court abused its discretion when it rejected the motion for reconsideration and rehearing based on newly discovered evidence. The plaintiff alleged the defendants wrongfully withheld information when they failed to inform the plaintiff in the course of discovery of statements made by Margaret Morich and occurrence witness Kyle Hamill to the Moriches' automobile liability insurance carrier.

■ To justify a hearing based on new evidence, the plaintiff must show due diligence in discovering the evidence and demonstrate the evidence is so conclusive that it would probably change the result. (*In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 467 N.E.2d 962.) The plaintiff's argument fails both tests. The plaintiff admitted in an interrogatory that she knew Kyle Hammill's name and address as early as November 21, 1990. The plaintiff was put on notice that Margaret Morich made a statement to her auto insurance carrier in Mrs. Morich's deposition taken on March 19, 1991. The defendants moved for summary judgment on July 26, 1991, and the motion was granted after a hearing on November 5, 1991. At no time before or during the hearing did the plaintiff file a motion to compel discovery

compliance or a Rule 191(b) affidavit alleging that information relevant to the summary judgment motion existed which the plaintiff was unable to obtain. (134 Ill. 2d R. 191(b).) The plaintiff did not file a Rule 191(b) affidavit until December 4, 1991, and did not file a motion to compel production of statements made by the defendants until March 26, 1992. We find such a delay in bringing this matter before the court unwarranted and not in compliance with the due diligence requirement.

Second, the plaintiff did not show the "new" evidence to be so conclusive that it probably would change the result of the summary judgment motion. The trial judge concluded that the affidavit of Kyle Hammill added nothing to the plaintiff's opposition to the summary judgment motion. Further, the plaintiff possessed Margaret Morich's statement to her homeowner's insurance carrier and her deposition. The plaintiff alluded to nothing in Morich's statement to her automobile insurance carrier which was likely to change the result of the summary judgment motion. Thus, the standard is not met, and we defer to the discretion of the trial court.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.