GEORGE WILLIAMS, Plaintiff-Appellant, v. MARIA MEDENICA *et al.*, Defendants (J. Wieder *et al.*, Respondents in Discovery-Appellees).

First District (4th Division)    Nos. 1—94—4331 and 1—95—1852 cons.

Opinion filed August 31, 1995.

Lane & Lane, of Chicago (Stephen I. Lane, of counsel), for appellant.

Stamos & Stamos, of Chicago (Michael T. Trucco and Laurie S. Elkin, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The circuit court denied the plaintiff's motion to join certain respondents in discovery as defendants and thereafter denied the plaintiff's motion to reconsider. Proceeding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), the plaintiff appeals from both orders.

On February 28, 1994, approximately two weeks prior to the expiration of the applicable statute of limitations, the plaintiff filed the instant medical malpractice action against Dr. Maria Medenica and the University of Chicago Hospitals and Clinics. Pursuant to section 2—402 of the Code of Civil Procedure (Code) (735 ILCS 5/2—402 (West 1992)), the plaintiff named Dr. J. Wieder, Dr. Henry A. Finn, Dr. Larry B. Dixon, and Dr. Charles Lerner as respondents in discovery. The University of Chicago, Medenica, Finn, and Dixon were served with summons and filed their appearances on April 4, 1994. The record on appeal fails to reflect service of summons on Lerner or Wieder.

On August 24, 1994, the plaintiff filed a motion supported by the affidavit of Dr. Calvin Brown seeking to convert the respondents in discovery to defendants and for leave to file his amended complaint. Finn and Dixon responded to the motion.

On September 21, 1994, after finding that Dr. Brown's affidavit failed to satisfy the probable cause requirement of section 2—402, the trial court denied the plaintiff's motion to convert the respondents in discovery to defendants, denied the plaintiff's oral motion to file an amended affidavit from Dr. Brown supporting probable cause, and dismissed Finn and Dixon as respondents in discovery. The plaintiff filed a motion to reconsider on October 19, 1994, supported by an amended affidavit from Dr. Brown. On November 15, 1994, the trial court denied the motion to reconsider. Thereafter, on December 5, 1994, pursuant to the plaintiff's motion, the circuit court modified its orders of· September 21 and November 15 to include the requisite findings under Supreme Court Rule 304(a), and this appeal from those orders followed.

In urging reversal, the plaintiff argues that the trial court erred in denying (1) his motion to convert the respondents in discovery to defendants, (2) his oral motion for leave to file an amended affidavit from Dr. Brown in support of the conversion, and (3) his motion for reconsideration supported by Dr. Brown's amended affidavit. For the reasons which follow, we reverse and remand this action to the circuit court for further proceedings consistent with this opinion.

■ Section 2—402 of the Code is a statutory procedure whereby a plaintiff in a civil action can name as respondents in discovery:

> "those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> * * *
>
> A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." (735 ILCS 5/2—402 (West 1992).)

From its original adoption in 1976 (Ill. Rev. Stat. 1977, ch. 110, par. 21.1), until its amendment in 1989 (Ill. Rev. Stat. 1989, ch. 110, par. 2—402), the procedure authorized by this statute was only available to plaintiffs in actions based on an allegation of negligence in the performance of health care services. However, in both its original form, applicable only to medical malpractice actions, and its present

form, now applicable to all civil actions, the statute has provided that a respondent in discovery can only be named as a defendant in the action on the plaintiff's motion (1) if the motion is made within the six-month period after the party was named a respondent in discovery, and (2) "if the evidence discloses the existence of probable cause for such action." (See Ill. Rev. Stat. 1977, ch. 110, par. 21.1; 735 ILCS 5/2—402 (West 1992).) The statute is not at all clear as to the quantum of evidence necessary to establish probable cause to convert a respondent in discovery to a defendant, and the legislative history of the statute is of little assistance in this regard.

The various courts that have addressed this issue seem to hold that the evidence necessary to establish the requisite probable cause need only be such as would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion that his injury was the proximate result of the tortious conduct of the respondent in discovery. (See *Froehlich v. Sheehan* (1992), 240 Ill. App. 3d 93, 608 N.E.2d 889; *Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 491 N.E.2d 139.) But it need not rise to the level of a high degree of likelihood of success on the merits or the evidence necessary to defeat a motion for summary judgment in favor of the respondents in discovery, nor is the plaintiff required to establish a *prima facie* case against the respondent in discovery. (See *Ingle*, 141 Ill. App. 3d at 1062-65.) We are left with the question of the type and amount of evidence that is minimally necessary to satisfy the plaintiff's burden in this regard.

Speaking to this precise question, the court in *Moscardini v. Neurosurg, S.C.* (1994), 269 Ill. App. 3d 329, 645 N.E.2d 1377, examined the purpose behind the enactment of section 2—402 and concluded that, like section 2—622 of the Code (735 ILCS 5/2—622 (West 1992)), the legislature intended to eliminate frivolous actions at the pleadings stage and ensure that plaintiffs file only meritorious medical malpractice actions. Because of their similarity of purpose, the *Moscardini* court concluded that sections 2—402 and 2—622 must be read *in pari materia* (269 Ill. App. 3d at 334-36), and held:

> "Given the similarity in the goals of the two provisions, it is virtually inconceivable that the legislature intended the term 'evidence' used in section 2—402 to require a signed, verified report, whereas an unsigned, unverified report, combined with an attorney's affidavit, suffices under section 2—622. By enacting section 2—622 as it did, the legislature concluded that an unsigned letter from a health professional, combined with an attorney's affidavit, was sufficient to ensure the meritoriousness of a medical malpractice claim. There is no reason to believe that a similar let-

ter and affidavit, based on the information obtained during the statutory discovery period, could not be sufficient to satisfy the probable cause requirement of section 2—402." *Moscardini*, 269 Ill. App. 3d at 336.

■ We find the holding in *Moscardini* both logical and compelling. Although the preconversion requirement placed upon a plaintiff under section 2—402 is not merely "empty formalism" (*Froehlich*, 240 Ill. App. 3d at 103), neither should it rise to a substantive defense (see *Thompson v. Heydemann* (1992), 231 Ill. App. 3d 578, 596 N.E.2d 664). This is especially true when one views the prefiling burdens placed upon medical malpractice plaintiffs in light of their intended purpose, the deterrence of frivolous actions. The requirements of sections 2—622 and 2—402 were never intended as a means of depriving a plaintiff of a trial on the merits of his claim of malpractice. (*Moscardini*, 269 Ill. App. 3d at 335; *Leask v. Hinrichs* (1992), 232 Ill. App. 3d 332, 595 N.E.2d 1343.) Just as with the requirements of section 2—622, we believe that the probable cause requirement of section 2—402 should be liberally construed, to the end that controversies may be determined according to the substantive rights of the parties. See *Thompson*, 231 Ill. App. 3d at 582.

■ In this case, the plaintiff filed a motion to convert the respondents in discovery to defendants within the statutory six-month period. His motion was supported by his proposed amended complaint, a section 2—622 affidavit and report, and the affidavit of Dr. Brown. The trial court found that the plaintiff's submissions failed to satisfy either section 2—622 or section 2—402. We disagree.

While the affidavit of Dr. Brown was not as precise and skillfully drafted as it might have been, the fact remains that Dr. Brown stated that the plaintiff's medical records fail to reveal appropriate antibiotic coverage for an ongoing infectious process reflecting a similar deficiency in the care afforded to the plaintiff resulting in an infection of his knee. His opinions are stated to be based upon a reasonable degree of medical certainty and form the basis of his conclusion that reasonable and meritorious cause exists for the filing of an action against the respondents in discovery. Whether the charting deficiencies noted in Dr. Brown's affidavit are, in fact, indicative of similar deficiencies in care or whether the respondents in discovery breached any standard of care owed to the plaintiff is a factual determination that must be made by a trier of fact. Suffice it to say, we find that Dr. Brown's affidavit would engender, in an ordinary and prudent person, an honest and strong suspicion that the respondents in discovery breached the applicable standard of care and that their breach proximately resulted in injury to the plaintiff. Put another

way, the affidavit satisfied the probable cause requirement of section 2—402.

Having found that the plaintiff satisfied the requirements of section 2—402 to convert the respondents in discovery to defendants, we need not address the propriety of the trial court's denial of the plaintiff's oral motion to file an amended affidavit by Dr. Brown or its denial of the plaintiff's motion to reconsider based upon the amended affidavit.

The trial court's order of September 21, 1994, is reversed and this cause is remanded to the circuit court of Cook County with directions to grant the plaintiff's motion to join the respondents in discovery as defendants and grant the plaintiff leave to file his amended complaint.

Reversed and remanded with directions.

THEIS and S. O'BRIEN, JJ., concur.