C. CARRIE JACKSON-BAKER, Adm'r of the Estate of James P. Jackson, Deceased, Plaintiff-Appellant, v. PHILLIP IMMESOETE, Defendant (Sharon Health Care Willows, Inc., Defendant-Appellee).

Third District    No. 3—02—0416

Opinion filed April 4, 2003.—Rehearing denied May 2, 2003.

Thomas E. Cady and Brian Nelson (argued), both of Katz, Huntoon & Fieweger, P.C., of Rock Island, for appellant.

John P. Fleming (argued), of Schmidt, Fleming & Payne, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

C. Carrie Jackson-Baker (Baker), administrator of the estate of her brother James P. Jackson (Jackson), listed Sharon Health Care Willows, Inc. (Sharon Health), as a respondent in discovery for the purpose of filing survival and wrongful death actions as a result of Jackson's death after receiving care at Sharon Health's facility. When Baker attempted to convert Sharon Health to a defendant, the trial court found probable cause only for the survival action. Baker appeals the trial court's order denying the conversion of Sharon Health to a defendant on the wrongful death claim. We reverse and remand with directions.

## FACTS

Jackson suffered from mental illness and had been institutionalized for most of his adult life. From April 24, 1998, through July 13, 1998, Jackson was a resident of and under the care of Sharon Health Care Willows's South Nursing Home. On July 13, 1998, Jackson was taken to Proctor Hospital where he was diagnosed with a bowel obstruction. Jackson underwent several surgical procedures and remained hospitalized until his death on September 1, 1998. During his hospital stay, Jackson developed several complications, including toxic epidermal necrolysis, symptoms of which are a rash over the body, large blisters, and the shedding of skin.

Baker originally filed suit against Proctor Hospital and Dr. Phillip

Immesoete on behalf of her brother Jackson. Sharon Health and several physicians were named as respondents in discovery. After obtaining Jackson's medical records and consulting with experts, Baker dismissed Proctor Hospital as a defendant and moved to convert Sharon Health to a defendant. Attached to the motion was a report from Professor MaryBeth Buschmann of the University of Illinois at Chicago College of Nursing, a registered nurse. Based upon her review of Jackson's medical records obtained from Sharon Health, Bushmann found an abrupt change in Jackson's food intake at Sharon Health in July. Despite Jackson's refusal to eat, he sustained a 12-pound weight gain during that month. Bushmann further found notations indicating that Jackson had vomited undigested chicken, but found no record of Jackson's bowel movements. Additional notations indicated that Jackson grimaced when his abdomen was palpated and that there were wide variations in Jackson's blood pressure. Based upon these observations from the records, Bushmann concluded that the nursing staff of Sharon Health was negligent in the care of Jackson.

On November 14, 2001, the trial court entered an order finding sufficient probable cause on the survival action to allow Sharon Health to be converted to a defendant on that claim. However, the trial court found insufficient probable cause on the wrongful death claim. Baker moved for reconsideration, which the trial court denied on January 10, 2002. On January 31, 2002, Baker moved for leave to file an interlocutory appeal, and the trial court found no just reason to delay appeal of the court's order "with respect to the wrongful death cause of action."

## ANALYSIS

■ On appeal, Baker argues that (1) the trial court erred in determining there was no probable cause to convert Sharon Health from a respondent in discovery to a defendant on the wrongful death claim; and (2) the trial court is not permitted under the respondent in discovery statute to find probable cause to convert a respondent in discovery to a defendant on one cause of action but not another. Prior to discussing the issue certified by the trial court, we note that Baker has asked this court to strike a portion of Sharon Health's brief. In its response, Sharon Health argues that this court should not only consider whether it was proper for the trial court to deny Baker's motion to convert on the wrongful death action, but also the survival action, which the trial court allowed to proceed. After the trial court entered its order on the motion to convert, Baker filed a motion for interlocutory appeal. The trial court found no just reason to delay appeal of the court's order "with respect to the wrongful death cause of

action." In an interlocutory appeal, the reviewing court may only address the question certified by the trial court. *Bachman v. Sharon & Lo's Place, Inc.*, 185 Ill. App. 3d 40, 41, 541 N.E.2d 153, 154 (1989). Therefore, we grant Baker's motion to strike and shall not consider the portion of Sharon Health's brief addressing the survival action.

■ A trial court's ruling on a motion to add a respondent in discovery as a defendant is entitled to deference where the court heard testimony and made determinations regarding conflicting evidence. *McGee v. Heimburger*, 287 Ill. App. 3d 242, 248, 678 N.E.2d 364, 368 (1997). However, where (1) the facts are undisputed, (2) the credibility of the witnesses is not an issue, and (3) in-court testimony has not been presented, a question of law is presented, and a reviewing court may consider the question *de novo*. *McGee*, 287 Ill. App. 3d at 248, 678 N.E.2d at 368. In the instant case, the trial court considered only documentary evidence. Therefore, a *de novo* standard is appropriate.

■ Section 2—402 of the Code of Civil Procedure provides, in pertinent part:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." 735 ILCS 5/2—402 (West 1994).

Probable cause under section 2—402 will be established where a person of ordinary caution and prudence would entertain an honest and strong suspicion that the purported negligence of the respondent in discovery was a proximate cause of plaintiff's injury. *Medjesky v. Cole*, 276 Ill. App. 3d 1061, 1064, 659 N.E.2d 47, 49 (1995). However, the evidence need not rise to the level of a high degree of likelihood of success on the merits or the evidence necessary to defeat a motion for summary judgment in favor of the respondents in discovery, nor is the plaintiff required to establish a *prima facie* case against the respondent in discovery. *Williams v. Medenica*, 275 Ill. App. 3d 269, 272, 655 N.E.2d 1002, 1004 (1995).

Baker attached a letter from MaryBeth Buschmann to her motion to add Sharon Health as a defendant. Based upon her review of Jackson's records from Sharon Health and Proctor Hospital, Buschmann concluded that the nursing staff of Sharon Health was negligent in the care of Jackson in the following ways: (1) not taking

action with regard to abrupt changes in Jackson's behavior, eating habits, and weight; (2) failing to recognize that there were no recorded bowel movements along with Jackson's refusal to eat accompanied by weight gain; (3) failing to chart on July 12, 1998, the day before Jackson was taken to the hospital; (4) not adequately monitoring for variable blood pressure or searching for its cause; (5) lack of recorded contact with doctors after abrupt changes in Jackson's behavior and eating habits; and (6) conflicting record keeping on medication sheets and nursing notes. In her letter, Buschmann went on to state that there were "red flags waving all over in Mr. Jackson's condition *** and any nurse following the standard of nursing care in Illinois would have picked upon [*sic*] on these and followed through with her/his own investigation as well as reporting them to the attending physician."

Baker also submitted records from Sharon Health and her own deposition testimony to the trial court. At her deposition, Baker testified that she spoke with a former employee of Sharon Health, Varesa Brown, after Jackson's death. Brown indicated to Baker that Jackson did not receive proper care in the days leading up to his death. While this is a hearsay statement, hearsay is properly considered on a motion to convert under section 2—402. *Coley v. St. Bernard's Hospital*, 281 Ill. App. 3d 587, 594, 667 N.E.2d 493, 498 (1996).

Sharon Health argues that none of this evidence was sufficient to establish probable cause that negligent acts of Sharon Health were a proximate cause of Jackson's death. However, as pointed out earlier, Baker does not need to establish a *prima facie* case at this phase of the proceedings. Rather, Baker must simply demonstrate that a person of ordinary caution and prudence would entertain an honest and strong suspicion that Sharon Health's action and/or inaction was a proximate cause of Jackson's death. By our view, a person of ordinary caution could certainly entertain an honest suspicion that Sharon Health's alleged inadequate care of Jackson resulted in his death. Buschmann's review of Jackson's records indicated that Jackson sustained a 12-pound weight gain despite refusing meals, vomited undigested food, and had no recorded bowel movements in the week before he was transferred to Proctor Hospital. Furthermore, there were no notations on Jackson's records at all on the day before he was taken from Sharon Health in a nearly comatose state.

■ Sharon Health also argues that Baker has not complied with section 2—622 and therefore cannot demonstrate probable cause under section 2—402. Generally stated, section 2—622 requires the filing of an affidavit by a physician in actions where the plaintiff seeks damages for injuries or death caused by medical malpractice indicating that there is reasonable and meritorious cause for the action. 735

ILCS 5/2—622 (West 1994). In *Shanks v. Memorial Hospital*, 170 Ill. App. 3d 736, 525 N.E.2d 177 (1988), the court determined that the affidavit of a registered nurse is insufficient to meet the requirements of section 2—622. Sharon Health argues that because Buschmann is not a "physician licensed to practice medicine in all its branches" under section 2—622 but is, rather, a registered nurse, Baker has failed to satisfy the requirements of section 2—622 and thus necessarily failed to establish probable cause under section 2—402. In support of this assertion, Sharon Health cites *Moscardini v. Neurosurg, S.C.*, 269 Ill. App. 3d 329, 645 N.E.2d 1377 (1994), where the court determined that these two sections should be read *in pari materia*. The court went on to conclude that if an unsigned, unverified physician's report accompanied by an attorney's affidavit is sufficient under section 2—622, it can be sufficient to establish probable cause under section 2—402. *Moscardini*, 269 Ill. App. 3d at 336, 645 N.E.2d at 1383. However, this does not mean that the converse is true, and Sharon Health cites no cases that support a requirement of compliance with section 2—622 to establish probable cause under section 2—402. In fact, such a requirement would undermine the purposes of these statutes. "The requirements of sections 2—622 and 2—402 were never intended as a means of depriving a plaintiff of a trial on the merits of his claim of malpractice." *Williams*, 275 Ill. App. 3d at 273, 655 N.E.2d at 1004. Rather, "the probable cause requirement of section 2—402 should be liberally construed, to the end that controversies may be determined according to the substantive rights of the parties." *Williams*, 275 Ill. App. 3d at 273, 655 N.E.2d at 1004. In enacting section 2—402, the legislature intended to eliminate frivolous actions at the pleadings stage and ensure that plaintiffs file only meritorious medical malpractice actions. *Williams*, 275 Ill. App. 3d at 273, 655 N.E.2d at 1004. While the requirements placed upon plaintiffs under section 2—402 are not empty formalism, neither is the statute meant to create a substantive defense. *Williams*, 275 Ill. App. 3d at 273, 655 N.E.2d at 1004. Requiring compliance with section 2—622 would place an unnecessary obstacle to the conversion of a respondent in discovery to a defendant. Furthermore, because respondents in discovery have not yet been converted to defendants named in the complaint, a plaintiff cannot be required to comply with section 2—622 as to respondents in discovery. *Coley*, 281 Ill. App. 3d at 595, 667 N.E.2d at 499.

■ Accordingly, the trial court erred in failing to find probable cause for Baker's wrongful death claim. Because we find that the trial court erred on this determination, we need not reach the issue of whether the respondent in discovery statute allows a trial court to make a determination as to one cause of action but not another. The

trial court's order of November 14, 2001, is reversed and the cause remanded to the circuit court with directions to grant Baker's motion to add respondent in discovery, Sharon Health Care Willows, Inc., as a defendant with regard to the wrongful death action.

Reversed and remanded with directions.

LYTTON and SLATER, JJ., concur.