**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190174-U

Order filed March 17, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ANDREW J. NOLL, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Petitioner-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN C. MILLER, | ) | Appeal No. 3-19-0174 |
| | ) | Circuit No. 18-L-2 |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BENTON ROESLER, REED ROESLER, | ) | |
| and PAM ROESLER, | ) | Honorable |
| | ) | Jodi M. Hoos, |
| Respondents in Discovery-Appellees. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: Trial court properly denied motion to convert respondents in discovery to defendants under section 2-402 of the Code of Civil Procedure where evidence failed to establish probable cause that respondents' negligent parental supervision or willful permission of consumption of alcohol was the proximate cause of plaintiff's injury.

¶ 2        Plaintiff, Andrew Noll, filed suit against defendant, Ryan Miller, for injuries he received after Miller shot him in the leg at a party held on property owned by Reed and Pam Roesler. He named the Roeslers and their son, Benton, as respondents in discovery and, after depositions, sought to convert them to defendants in the case. The trial court denied Noll's motion, finding that he failed to establish probable cause for any action against the respondents. Noll appeals, claiming that his proposed amended complaint is sufficient under Illinois law to justify their conversion. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On May 23, 2016, Benton Roesler, a minor, hosted a party and cookout at a cabin owned by his parents, Reed and Pam Roesler. Benton had his mother's permission to be out at the cabin that day with a few friends from high school. Benton invited 10 to 15 people, and he did not give anyone else permission to attend. The party started around 3 p.m. and was scheduled to end at 9 p.m.

¶ 5        Around 8 p.m., Benton called his mother and asked if the guests could stay until 11 p.m., and she agreed to let them stay. Around 10:30 p.m., other people who were not invited to the party started showing up. People in attendance were drinking alcohol and smoking marijuana. Benton estimated there were between 30 and 50 people there at one time.

¶ 6        Steve Covington and Ryan Miller arrived with a group of four or five of their friends around 10:45 p.m. Covington was attempting to collect money for drugs he sold to Jaquari Plice, one of Benton's invited guests. Covington and Miller were not invited to the party.

¶ 7        Covington began arguing with Plice about the money Plice owed him shortly after he arrived. As the argument grew more intense, Benton asked Covington and Plice to "take it outside" the cabin. They went outside, and Plice told Covington he would pay him later. Covington and

2

Miller decided to leave. As they were walking back to their car, Miller turned and fired several shots into the crowd of bystanders, striking three of them, including Andrew Noll. Noll was shot in the leg.

¶ 8 Noll and Miller were both over 18 years of age at the time of the shooting. Noll had not been on the Roesler property before. He went to the party with a few of his friends, but he did not know the people involved in the argument.

¶ 9 On January 3, 2018, Noll filed suit against Miller. A few months later, Noll filed an amended complaint naming Benton Roesler, Reed Roesler, and Pam Roesler as respondents in discovery. After conducting discovery and depositions, Noll moved to convert all three respondents to defendants. Noll's motion included a proposed second amended complaint, respondents' deposition transcripts, and testimony from Miller's criminal trial.

¶ 10 The proposed amended complaint contained five counts. Counts II through V were against the Roeslers. Count II alleged that Benton, Reed, and Pam Roesler had a duty to protect the party goers as the owners and possessors of the property. Count III claimed that Reed and Pam Roesler were liable for Noll's injuries under section 5 of the Drug or Alcohol Impaired Minor Responsibility Act (Minor Responsibility Act) (740 ILCS 58/5 (West 2018)) for "willfully permitting the consumption of alcoholic liquor or illegal drugs on their non-residential premises." Noll claimed that the Roeslers' willful conduct contributed to Benton's impairment and that Benton's impairment led to the continued presence of Miller, which led to Noll's injury.

¶ 11 Count IV asserted liability against Reed and Pam Roesler based on negligent parental supervision. Noll alleged that, based on two previously discovered parties on their property, the Roeslers knew or should have known to supervise, control, and prevent Benton from hosting another party and that their negligent supervision caused his injury. Finally, count V claimed that

3

Reed and Pam Roesler were responsible for Benton's willful conduct under section 3 of the Parental Responsibility Law (740 ILCS 115/3 (West 2018)).

¶ 12  The depositions attached to the motion to covert revealed that Benton was 17 years old when he hosted the party. Benton told his friends not to invite other people to the party. Despite his request, uninvited people started showing up around 10:30 p.m. or so. At that point, Benton started telling everyone to leave, but they would not listen. Covington and Miller arrived around 10:45. Noll was another uninvited guest who showed up around that time. Benton had heard Covington's name before but had not met him personally. He did not know Miller or Noll. Benton admitted that he had parties on the property prior to May 2016. Benton's father showed up a few times and found alcohol and told everyone to go home.

¶ 13  In their depositions, Benton's parents stated that they allowed Benton to use the property for gatherings on other occasions. In her deposition, Pam Roesler stated that she gave Benton permission to invite a few friends out that day, in May 2016, but did not give him permission to have a party. Benton's father, Reed, stated that he was aware of two other gatherings on the property. On one occasion, police notified him that some kids fell asleep in their cars at the gate and were there overnight. On another occasion, Reed found Benton on the property with two or three of his friends and a bottle of alcohol. He broke up the party and made Benton's friends go home. He was not aware of any fights on the property.

¶ 14  After conducting a hearing, the trial court denied Noll's motion to convert respondents to defendants, concluding that Noll did not establish probable cause for any of the counts against the Roeslers as required under section 2-402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-402 (West 2018)).

¶ 15                                   II. ANALYSIS

4

¶ 16        Noll only appeals the trial court's denial of his motion as to count III and count IV. He contends that, in denying his motion to convert those counts, the court ignored the low threshold of probable cause that is required to name respondents in discovery as defendants.

¶ 17        Section 2-402 of the Code provides:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." 735 ILCS 5/2-402 (West 2018).

Probable cause under section 2-402 is established where "a person of ordinary caution and prudence would entertain an honest and strong suspicion that the purported negligence of the respondent in discovery was a proximate cause of plaintiff's injury." *Medjesky v. Cole,* 276 Ill. App. 3d 1061, 1064 (1995). The evidence does not need to rise to the level of a high degree of likelihood of success on the merits or the evidence necessary to defeat a motion for summary judgment, nor is the plaintiff required to establish a *prima facie* case against the respondents in discovery. *Williams v. Medenica,* 275 Ill. App. 3d 269, 272 (1995). What is necessary to establish probable cause depends on the nature and complexity of the case. *Medjesky*, 276 Ill. App. 3d at 1064. Where the trial court proceeds solely on documentary evidence but there are factual disputes that must be resolved, we will not overturn the denial of a motion to convert respondents in

5

discovery unless it is against the manifest weight of the evidence. *McGee v. Heimburger*, 287 Ill. App. 3d 242, 248 (1997).

¶ 18    Noll challenges the trial court's ruling by arguing that he has established probable cause to convert respondents Reed and Pam Roesler to defendants on count III, liability under the Minor Responsibility Act, and count IV, negligent parental supervision under section 316 of the Restatement (Second) of Torts. In making these arguments, Noll characterizes his injury, not as an injury arising out of a criminal act by a third party, but as one arising out of the unsupervised use of alcohol and drugs by a minor. Noll argues that the Roeslers contributed to the underage impairment of Benton and failed to adequately supervise and control him and that Benton's impairment was the proximate cause of his injury.

¶ 19                    A. The Minor Responsibility Act

¶ 20    The Minor Responsibility Act was intended to make adults who supply alcohol or drugs to minors liable for injuries cause to or by the impaired minor. Section 5 states:

"(a) Any person at least 18 years of age who willfully supplies alcoholic liquor or illegal drugs to a person under 18 years of age and causes the impairment of such person shall be liable for death or injuries to persons or property caused by the impairment of such person.

(b) A person, or the surviving spouse and next of kin of any person, who is injured, in person or property, by an impaired person under the age of 18, and a person under age 18 who is injured in person or property by an impairment that was caused by alcoholic liquor or illegal drugs that were willfully supplied by a person over 18 years of age, has a right of action in his or her own name, jointly and severally, for damages (including reasonable attorney's fees and expenses) against any person:

6

(i) who, by willfully selling, giving, or delivering alcoholic liquor or illegal drugs, causes or contributes to the impairment of the person under the age of 18; or

(ii) who, by willfully permitting consumption of alcoholic liquor or illegal drugs on non-residential premises owned or controlled by the person over the age of 18, causes or contributes to the impairment of the person under the age of 18." See 740 ILCS 58/5(b) (West 2016).

¶ 21 The plain language of the statute provides that a cause of action may arise for injury caused to or by an impaired minor and liability applies to persons over the age of 18 who willfully permitted the consumption of alcohol by the impaired minor. Here, Miller and Noll were both adults when they attended Benton's party on the Roeslers' property. Miller, the shooter, was 19 years old, and Noll, the victim, was 18 years old. In his proposed amended complaint, Noll did not dispute that he was not an impaired minor or injured by an impaired minor. Noll made no claim that he was under the age of 18, that he was supplied with or consumed alcohol or illegal drugs, or that he was injured by an impaired person under the age of 18. Moreover, evidence presented with the motion to convert indicated that Miller, the person whose conduct directly resulted in Noll's injury, did not consume any alcohol or drugs at the party. In fact, there is no evidence in the record that Miller was impaired by any illegal substance or that such impairment is what caused him to recklessly fire several shots into a crowd of people. Under these circumstances, the Minor Responsibility Act does not support a cause of action against the Roeslers. Thus, the trial court's finding that Noll failed to demonstrate probable cause as to count III was not against the manifest weight of the evidence.

¶ 22 B. Negligent Parental Supervision

7

¶ 23  Plaintiff's attempt to argue a viable cause of action under Section 316 of the Restatement also fails. The general rule in Illinois is that parents are not liable for the torts of their minor children merely because of the parent-child relationship. *Lott v. Strang*, 312 Ill. App. 3d 521, 523-24 (2000). Parents may be held responsible, however, if they fail to adequately control or supervise their children. *Bishop v. Morich*, 250 Ill. App. 3d 366, 370 (1993) (citing Restatement (Second) of Torts § 316 (1965)). To establish negligent parental supervision, a plaintiff must show that (1) the parents were aware of the specific instance of prior conduct sufficient to put them on notice that the act complained of was likely to occur, and (2) they had the opportunity to control the child. *Id.*

¶ 24  Liability under the theory of negligent parental supervision is based on the presumptions that the conduct of the unsupervised child caused the injury and that the parents were aware of the inappropriate conduct. In *Bishop*, parents of a teenager were found not liable under a theory of negligent supervision when their daughter unexpectedly drove the family car and struck her friend in the driveway. *Id*. at 368. The Moriches left their house to attend a wedding, and their 15-year-old daughter, Elizabeth, stayed at home with her older brother. A few hours later, approximately nine of Elizabeth's friends showed up. Elizabeth decided to take the family vehicle for a drive. She drove it around the block, to a friend's house, and to the drugstore. When she returned home, she pulled into the driveway and her foot slipped off the brake. She accidentally struck her friend and pushed her into a nearby shed. The court held that the Moriches were not on notice that their child was likely to drive their car that night because the record did not reveal any prior instances in which she had driven the car on the streets while they were away. *Id*. at 370. The court emphasized that, although parents or guardians may be liable for injuries to a third party, they must be on notice that the act complained of was likely to occur to impose a legal duty. *Id*.

8

¶ 25    In his second amended complaint, Noll alleged that the Roeslers' knowledge of underage drinking on the property sufficiently informed them that ongoing supervision was required. Noll did not allege that the Roeslers knew of a prior gathering where Benton had friends on the property and a fight broke out or an act of violence occurred. Further, the record reveals no specific instances of prior fights or violent conduct sufficient to put the Roeslers on notice that a shooting was likely to occur on May 24, 2016.

¶ 26    Plaintiff relies on *Duncan v. Rzonca*, 133 Ill. App. 3d 184 (1985), in which a policeman was injured in a car accident while responding to a bank's silent alarm. The policeman successfully recovered damages for his injuries based on a negligent supervision claim against the parent of the child that set off the silent alarm, alleging that she failed to control the child who had triggered the same alarm six days earlier. *Id*. at 200. In holding the parent responsible, however, the court noted that liability will not be imposed on the parent "unless the parent has notice of a specific type of harmful conduct, and an opportunity to interfere with it." *Id.*; see also *Lott*, 312 Ill. App. 3d at 524-25 (knowledge that son had car accident one year earlier did not constitute knowledge of prior conduct sufficient to put parents on notice that son's collision with sheriff's deputy was likely to occur).

¶ 27    Here, Noll's complaint did not state a valid cause of action because there is no allegation that the Roeslers were aware of violent conduct on the property. Although Benton's father may have had knowledge that Benton and his friends were consuming alcohol on the property on prior occasions, that knowledge does not constitute knowledge of prior conduct sufficient to put the Roeslers on notice that an armed attack by an unknown assailant was likely to occur. See *Bishop*, 250 Ill. App. 3d at 370.

9

¶ 28    We recognize that the probable cause threshold is low; however, Noll failed to meet that burden. The evidence did not establish that Noll's injury was the proximate cause of a minor's impairment or that the Roeslers had knowledge of the need to protect those who attended the party from Miller's criminal conduct. Accordingly, the trial court did not err in denying Noll's motion to convert respondents in discovery to defendants as to counts III and IV.

¶ 29                                    III. CONCLUSION

¶ 30    The judgment of the circuit court of Peoria County is affirmed.

¶ 31    Affirmed.